UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DARNELL TATEM, *Plaintiff,* | : PRISONER<br>: CIVIL NO.3:00CV1010(AWT)(DFM)<br>: |
| v. | : |
| DR. YOUNG, *Defendant.* | :<br>: DECEMBER 2, 2003 |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff brings this action under 42 U.S.C. § 1983 alleging that the defendant, Dr. Young failed to give him necessary dental cleanings and fluoride treatments.

Plaintiff alleges that he exhausted his administrative remedies and attaches a Level I grievance dated June 11, 2001 which he claims was never responded to and a March 11, 2002 grievance which he claims he never received a response thereto. Because plaintiff's March 11, 2002 was untimely and plaintiff never received permission to file the grievance late, plaintiff did not exhaust his administrative remedies and this action should be dismissed.

More specifically, under Administrative Directive 9.6, plaintiff had thirty-one days after he filed his level 1 grievance to file a level 2 grievance. More specifically, Administrative Directive 9.6 (16) provides that an inmate may appeal a Level 1 decision to Level 2 Grievance within 5 days of receipt of a decision on the Level I grievance. If an inmate receives no response, he may file a Level 2 grievance, one day after the time

limit for responses to Level I grievances expires, or 31 days after he filed his Level I grievance. Here, petitioner had to file his Level 2 grievance, 31 days after he filed his Level I grievance or in July 2001. However, the attachments to plaintiff's complaint show that plaintiff filed a level 1 grievance on June 11, 2001 and a Level II grievance on March 11, 2002. Because plaintiff did not file his Level II grievance in accordance with the time limitations set forth in Administrative Directive 9.6, this action must be dismissed.

## ARGUMENT

### A. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED

Plaintiff did not follow the time limitations set forth in Administrative Directive 9.6 and thus did not properly exhaust his administrative remedies and this action should be dismissed. This is readily apparent from the exhibits attached by plaintiff to his complaint.

> [T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated by reference. [citation omitted] When a plaintiff does not attach to the complaint or incorporate by reference a document "upon which it solely relies and which is integral to the complaint," the court may consider the document on a motion to dismiss without converting to one for summary judgment.

Newman v. Holder, 101 F. Supp. 2d 103 (E.D.N.Y. 2000).

In Newman, the court dismissed plaintiff's complaint for failing to exhaust his administrative remedies, relying upon a declaration from a staff attorney at the prison who stated that the plaintiff never filed any administrative complaints about his confinement at the prison.

Here, plaintiff attaches to his complaint two grievances he allegedly filed: a Level I grievance and a Level II grievance. Because the Level II grievance was not timely filed, this action should be dismissed.

**B. THE PLAINTIFF'S CAUSE OF ACTION SHOULD BE DISMISSED AS HE HAS NOT EXHAUSTED ADMINISTRATIVE REMEDIES:**

"A prisoner is precluded from filing a Section 1983 action concerning prison conditions until such administrative remedies as are available have been exhausted." 42 U.S.C. § 1997e(a).

The PLRA "**removed court discretion** in this area by making exhaustion mandatory in prisoner litigation." Salahuddin v. Mead, 174 F.3d 271, 274 n.1 (2d Cir. 1999)(emphasis added). **The exhaustion requirement is mandatory**. Booth v. Churner, 532 U.S. 731, 739 (2001)(attached). "**The PLRA's exhaustion requirement applies to all inmate suits about prison life,** whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. " Porter v. Nussle, 534 U.S. \_\_\_\_\_ (2002)(attached)(emphasis added). Moreover, the exhaustion requirement applies regardless of whether relief sought is provided through the administrative remedy. Booth v. Churner, 532 U. S. at 741.

The Second Circuit has recognized that if the time for filing a grievance has expired, an inmate may not cure the failure to exhaust defect by merely filing an untimely grievance. More specifically, the Second Circuit has stated:

> **If the time permitted for pursuing administrative remedies has not expired**, a prisoner who brings suit without having exhausted these remedies can cure the defect simply by exhausting them and then reinstituting his suit. . . .

3

Snider v. Melindez, 199 F.3d 108, 111-12 (2d Cir. 1999)(emphasis added).

When an inmate can no longer properly invoke administrative remedies, the matter should be dismissed with prejudice. Polanco v. City of New York Department of Corrections, 2002 U.S. Dist. Lexis 3108 (S.D.N.Y. 2002)(attached).

At least two district courts within this circuit have held that an inmate has not complied with the PLRA when he files an untimely grievance. Thielman v. Armstrong et al, 3:99CV2505(DFM), Findings of Fact and Conclusions of Law (D.Conn. June 25, 2002)(attached); Patterson v. Goord, 2002 U.S. Dist. Lexis 22482 (S.D.N.Y. 2002).

In Thielman, this court stated,

> To exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim--**including time limits**. See Pozo v. McGaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002) citing Artuz v. Bennett, 531 U.S. 4, 9-10 & n.2 (2000). "**To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.**" Pozo, 286 F.3d at 1025 Accord Hakeem v. Snyder, No OO C 50287, 2002 WL 1308648 at *1 (N.D. Ill. June 13, 2002)(dismissing prisoner claim where he filed untimely grievance).

Thielman v. Armstrong et al, 3:99CV2505(DFM), at p. 10.(emphasis added).

Similarly, in Patterson, a district judge from the Southern District of New York held:

> Since Plaintiff has now attempted to file a grievance and the appropriate prison officials have found that there are no mitigating circumstances that would permit him to file an untimely grievance, it is appropriate to dismiss the action with prejudice. See Polanco v. N.Y. Dept of Corrs., 2002 U.S. Dist. LEXIS 3108, No. 01 Civ. 759, 2002 WL 27401, at *3 (Feb. 26, 2002 S.D.N.Y.); Byas v. State of New York, 2002 U.S. Dist. LEXIS 13072.

Patterson v. Goord, 2002 U.S.Dist LEXIS 22482 at *3.

4

Here, plaintiff did not follow the time limitations set forth by Administrative Directive 9.6 in filing his grievances. More specifically, Administrative Directive 9.6 par. 16 provides that Level 2 appeals, on which an inmate has received no response, must be filed within 31 days of the filing of the Level I grievance. See Administrative Directive 9.6 attached hereto. Plaintiff's own exhibits show that he did not comply with this requirement. Plaintiff attaches a Level 1 grievance dated June 11, 2001, on which he writes that he never got a response. Plaintiff also attaches what purports to be a Level 2 Grievance dated March 11, 2002 on which he writes that he never got a response. Even if, for purposes of this motion to dismiss only, the court assumes that plaintiff did file a level 1 grievance in June 2001 and a level 2 grievance in March 2002, this action still should be dismissed for plaintiff's failure to comply with the time limits in Administrative Directive 9.6 and thus for plaintiff's failure to exhaust administrative remedies.

## CONCLUSION

Wherefore, all the foregoing reasons, the defendants respectfully move to dismiss this matter.

DEFENDANT

Dr. Young

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Ann E. Lynch
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel.: (860) 808-5450
Fax: (860) 808-5591
Federal Bar No. Ct#08326
E-mail: ann.lynch@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this 2nd day of December, 2003, first class postage prepaid, to:

Darnell Tatem, Inmate #13073
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT 06080

_____
Ann E. Lynch
Assistant Attorney General