A.D. 9.6, Inmate Administrative Remedies
Prepared for signature 2/26/03 - effective 3/5/03

1. Policy. The Department of Correction shall provide a means for inmates to address grievances. The Inmate Grievance Procedure shall be an administrative remedy which enables the Department to resolve legitimate grievances in a timely manner, to identify individual and systemic problems, and to facilitate the accomplishment of its mission.

2. Authority and Reference.

    A. Connecticut General Statutes, Section 18-81.
    B. 42 United States Code 1997e.
    C. 28 Code of Federal Regulations 40.
    D. American Correctional Association, Standards for Adult Community Residential Services, Second Edition, August 1980, Standard 2-2154.
    E. American Correctional Association, Standards for Adult Probation and Parole Field Services, Second Edition, March 1981, Standard 2-3163.
    F. American Correctional Association, Standards for Adult Correctional Institutions, Third Edition, January 1990, Standard 3-4271.
    G. American Correctional Association, Standards for Adult Local Detention Facilities, Third Edition, March 1991, Standard 3-ALDF-3E-11.
    H. 1990 Americans with Disabilities Act.
    I. Porter v. Nussle, 534 U.S. 516 (2002).
    J. Administrative Directives 2.17, Employee Conduct; 6.10, Inmate Property; 6.14, Security Risk Group; 9.1, Population Management; 9.2, Inmate Classification; 9.5, Code of Penal Discipline; and 10.7, Inmate Communications.

3. Definitions. For the purposes stated herein, the following definitions apply:

    A. Emergency Grievance. A grievance processed by expedited methods to resolve an issue which presents: (1) a threat of death or injury; (2) a threat of disruption of facility operations; or (3) a need for prompt disposition because the time is lapsing when meaningful action or decision is possible.
    B. Grievance. A written complaint filed by an inmate on the inmate's own behalf in accordance with the procedures stated herein.
    C. Grievance Coordinator. An employee of the unit designated to coordinate the Inmate Grievance Procedure.
    D. Inmate. A person in the custody of the Department of Correction to include those confined in a facility or under community supervision.
    E. Unit. An organizational component of the Department, including correctional institutions, correctional centers, detention centers, community enforcement offices and the health services division.
    F. Unit Administrator. The person in charge of a unit specified in (E) above.

4. <u>Notice</u>.

   A. The Inmate Grievance Procedure shall be published in English and Spanish. Each inmate, direct contact employee and direct contact contractor shall be issued a written summary of the Inmate Grievance Procedure upon initial contact with the Department. An inmate whose primary language is Spanish shall receive a copy written in Spanish. Appropriate provision shall be made for those who do not read, speak or understand English and Spanish. Inmates who are impaired or disabled shall receive assistance as necessary.
   B. English and Spanish copies of the Inmate Grievance Procedure shall be available in each inmate library and shall be provided to an inmate upon request.
   C. An inmate shall receive oral instruction about the inmate Grievance Procedure, filing of a grievance and obtaining grievance forms. This instruction shall encourage questions and take place as part of the orientation curriculum, not later than two (2) weeks after admission.
   D. Staff shall receive oral instruction regarding the Inmate Grievance Procedure during orientation training and upon assignment to a new unit.
   E. Upon transfer, an inmate shall be informed of the Inmate Grievance Procedure at the receiving unit.

5. <u>Access</u>. Each inmate in the Department's custody shall have access to the Inmate Grievance Procedure. Special provisions shall be made to ensure access for the impaired or disabled, illiterate or those with language barriers.

   A. Any inmate who needs assistance in using the Inmate Grievance Procedure shall receive assistance upon request.
   B. Access shall only be limited as a result of abuse of the Inmate Grievance Procedure in accordance with Section 19 below or failure to comply with the process.

6. <u>Administrative Remedies</u>. The following section provides the administrative remedy for a particular matter.

   A. <u>Grievance</u>. With the exception of matters that are otherwise enumerated in subsection (B) and (C), below, the grievance process must be utilized for the following matters:

      1. The interpretation and application of policies, rules and procedures of the unit, division and Department.
      2. The existence or substance of policies, rules and procedures of the unit, division and Department in accordance with Section 13 below.
      3. Individual employee and inmate actions including any denial of access of inmates to the Inmate Grievance Procedure other than as provided herein.
      4. Formal or informal reprisal for use of or participation in the Inmate Grievance Procedure.
      5. Any other matter relating to access to privileges, programs and services, conditions of care or supervision and living

    unit conditions within the authority of the Department of Correction, to include rights under the Americans with Disabilities Act, except as noted herein.
  6. Property loss or damage.
  7. Any and all other complaints of any nature concerning prison life.

 B. <u>Appeal</u>. The appeal process must be utilized for the following matters as enumerated in Administrative Directives 9.2, Inmate Classification, 6.14, Security Risk Groups, 9.5, Code of Penal Discipline and 10.7, Inmate Communication:

  1. Classification decisions regarding:
   a. risk level reviews;
   b. community release; and
   c. furloughs.

  2. Special Management decisions to include:
   a. administrative segregation;
   b. high security;
   c. close custody; and
   d. security risk group designations.

  3. Disciplinary report findings may be appealed only if the inmate pleads not guilty and is subsequently found guilty.
  4. Publication Review Committee Decisions.

 C. <u>Treatment and Diagnosis Review</u>. If an inmate wishes to appeal a medical diagnosis or prescribed treatment, the inmate shall request a Physician Sick Call Appointment at no cost to the inmate. This appointment will provide the inmate an opportunity to discuss the issue with the Physician. The contents of this meeting, to include the final decision on diagnosis and/or treatment, shall be explicitly documented in the inmate's medical file. Only one appeal per diagnosis and/or treatment shall be permitted.

7. <u>Disposition and Remedy</u>. A grievance shall be rejected, withdrawn, denied, compromised, or upheld. Grievances that are upheld shall be given an appropriate and meaningful remedy. Such remedies may include, but not be limited to:

 A. Corrective action to rectify the matter being grieved.
 B. Changes in written policy and procedures or in interpretation or application of written policies and procedures.
 C. Enforcement of existing policy and procedure.
 D. Development of policies and procedures pertaining to the grievance.

8. <u>Administrative Provisions</u>. Each Unit Administrator shall establish unit directives consistent with the Inmate Grievance Procedure and the type of unit, which shall include at a minimum:

 A. The designation of a staff person, to be known as the Grievance Coordinator, whose scope of authority and responsibility shall be defined by the Unit Administrator.

    B.    Notification procedures to inmates of the name of the Grievance Coordinator.
    C.    Provision for adequate numbers of collection boxes at various unit locations for the deposit of grievances. Units shall provide locked boxes for depositing grievances.
    D.    Procedures for the regular and timely collection and appropriate logging of grievances.
    E.    Procedures for the prompt handling of all emergency grievances.
    F.    Procedures to assure that no employee or inmate shall participate in the resolution of a grievance in which the employee or inmate is allegedly involved.
    G.    Procedures to provide notice of and access to the Inmate Grievance Procedure for all inmates including the impaired, disabled, illiterate and those with language barriers.

9.    <u>Informal Resolution</u>. An inmate shall attempt to seek informal resolution, in writing, through the use of the Inmate Request Form CN 9602, prior to filing an inmate grievance. A clear statement of the problem and action requested should be written by the inmate and sent to the appropriate unit Department Head or employee. Inmate Request Forms shall be available in all units. Response to the inmate shall be made within 15 calendar days from receipt of the request. The Unit Administrator shall post in each housing unit a list of staff members to whom Inmate Requests should be addressed for each of the grievable subjects.

10.   <u>Filing a Grievance</u>. An inmate may file a grievance if Informal Resolution has not resolved the problem. The inmate shall attach the Inmate Request Form CN 9602, containing the appropriate staff member's response, to the Inmate Grievance Form which requirement may be waived for an emergency grievance. If the inmate was unable to obtain a blank Inmate Request Form, did not receive a timely response to the Inmate Request, or for a similar valid reason, the inmate shall include an explanation as to why the Inmate Request Form is not attached. A grievance shall be filed in accordance with the following provisions:

    A.    A grievance must be filed, in writing, on the Inmate Grievance Form CN 9601/1 or CN 9601/2. Grievance forms shall be readily accessible to inmates.
    B.    Each grievable matter shall be submitted on a separate Inmate Grievance Form.
    C.    The grievance and the action requested should be stated simply and coherently.
    D.    The length of the grievance shall be restricted to the space available on the face of the grievance form and one (1) additional 8 1/2 x 11 inch page.
    E.    The grievance shall be free of obscene or vulgar language or content.
    F.    The grievance must be filed by an inmate who is personally affected by the grievance subject and shall not be filed by one (1) inmate on behalf of another.
    G.    The grievance must be filed within 30 days of the occurrence or discovery of the cause of the grievance, except for grievances regarding property, which must be filed within one (1) year of the discovery or within three (3) years of the occurrence.

    H.    A repetitive grievance may not be filed by the same inmate when a final response has been provided and there has been no change in any circumstances that would affect the response; or when the initial grievance is still in process.
An inmate may choose to withdraw a grievance. A grievance withdrawal must be filed in writing in accordance with the Inmate Grievance Withdrawal form CN 9605.

        A grievance may be returned without disposition to the inmate for failure to attempt Informal Resolution, or to adequately explain why a response to the Inmate Request Form is not attached, or for failure to comply with the provisions of subsections A through E above. "Returned without disposition" means that the grievance has not been properly filed; it may be re-filed when the error is remedied.

11. **Rejection of Grievances.** Any grievance which does not meet the criteria specified in Sections 6(A), 10(F), 10(G) or 10(H) of the Inmate Grievance Procedure may be rejected.

12. **Grievance Appeals.** For the exception of grievances that have been rejected having to do with issues beyond the Department's control such as state and federal laws, court decisions and other agency decisions, a grievance that is denied or rejected may be appealed to the next level as provided for in Sections 16 and 17. All grievances, regardless of level, including appeals, should be deposited in the Grievance Box for the Grievance Coordinator, to ensure proper tracking and filing of all matters. A grievance returned without disposition due to a failure to comply with the procedural requirements of Sections 9 and 10(A) through 10(E) may not be appealed.

        With the consent of the grievant, a reviewer may extend the time limit for a response up to 15 days using the Request for Time Extension Form, CN 9603. A grievant may request a time extension of up to 15 days to file an appeal by sending a written Inmate Request Form to the Grievance Coordinator. A request by the grievant may be granted at the discretion of the reviewer to whom the appeal is to be sent.

13. **Appropriate Review.** A grievance about a matter that is beyond the authority of lower level(s) of review may be sent by the lower level reviewer directly to the appropriate level of review. In such case the time limit(s) of the lower level(s) shall be combined with the time limit of the appropriate review level and the grievant shall be notified of the review process and of the time frame for response. If the grievance is upheld, the time necessary to implement the change(s) may exceed the time limit for review.

14. **Medical Grievances.** All health care related grievances shall be placed in a box designated for health services grievances and shall be processed by the designated Health Services Grievance Coordinator.

15. **Level 1 Review.** The Level 1 review shall be made by the Unit Administrator or ranking facility Health Services Supervisor, as appropriate. The grievance shall be reviewed for compliance with the Inmate Grievance Procedure and investigated if the grievance is accepted. The response shall be in writing within 30 calendar days of

the level 1 reviewer's receipt and shall include a statement of the remedy for a grievance that is upheld, compromised or of the reason a grievance is denied or rejected. The appropriate administrator shall notify the inmate of the Level 1 disposition and shall include an appeal form and directions for appealing to Level 2.

16. <u>Level 2 Review</u>. An inmate may appeal a Level 1 disposition to Level 2 within five (5) calendar days of receipt of the decision. The Level 2 review shall be made in accordance with the following:

   A. A non-medical line grievance filed by an inmate confined in a Connecticut correctional facility shall be reviewed by the Deputy Commissioner of Operations.
   B. A grievance filed by an inmate housed out of state shall be reviewed by the Deputy Commissioner of Programs and Staff Development.
   C. A medical grievance or a grievance which deals with accommodation under the Americans with Disabilities Act shall be reviewed by the appropriate Health Services Administrator.
   D. A non-medical grievance filed by an inmate supervised in the community shall be reviewed by the Deputy Commissioner of Field and Security Operations.

   If a timely response to a Level 1 grievance is not received, an inmate may appeal to Level 2, one (1) day after the authorized time limit expires. The response shall be in writing within 30 calendar days and shall include a statement of the remedy for a grievance, which is upheld, compromised or of the reason a grievance is denied or rejected. Level 2 shall be the final level of appeal for all grievances except as provided in Section 17 below.

17. <u>Level 3 Review</u>. Level 3 review is restricted to a grievance which:

   A. Challenges Department level policy;
   B. Appeals for an emergency grievance which cannot be acted upon at a subordinate level;
   C. Appeals which challenge the integrity of the grievance procedure;
   D. Appeals for which a timely response to a Level 2 grievance is not received. If a timely response to a Level 2 grievance is not received an inmate may appeal to Level 3 one (1) day after the authorized time limit expires. An appeal to Level 3 must be submitted within five (5) calendar days of receipt of a Level 2 decision.

   The Level 3 review shall be made by the Commissioner or designee. The response shall be in writing, within 30 days, and shall include a statement of the remedy for a grievance, which is upheld, compromised or of the reason a grievance is denied or rejected. Level 3 shall be the final level of appeal for all grievances.

18. <u>Emergency Grievance</u>.

   A. <u>Identification</u>. An inmate filing an emergency grievance must plainly mark the grievance as "Emergency".
   B. <u>Expedited Process</u>. Each Unit Administrator shall develop unit directives for handling emergency grievances, including procedures for assessing the emergency and expediting resolution, or

        forwarding the grievance without delay to the decision-maker who can resolve the matter.

    C.    <u>Time Limits</u>.  An emergency grievance that requires action within the unit shall receive a response within eight (8) hours followed by a written response within three (3) business days.  An emergency grievance that requires substantive response beyond the unit or that is appealed to Level 2 or Level 3 shall receive a response in two (2) business days and a written response in five (5) business days.  An emergency grievance that will be mooted by the passage of time specified for emergency grievances shall normally receive a verbal or other response prior to that time.

    D.    <u>Records</u>.  Following notification of the Unit Administrator, the grievance shall be recorded in accordance with the provisions for other grievances except it shall be denoted as an emergency.

    E.    <u>Rejection</u>.  If a grievance submitted as an emergency is ruled at any level not to be an emergency, it shall be returned to the grievant stating that the grievance is not an emergency and the reasons why.  The response shall indicate that the grievance may be resubmitted as a regular grievance.  No emergency grievance shall be rejected solely for failure to follow the procedures in the Inmate Grievance Procedure and any unit directives.

19.    <u>Abuse</u>.  Abuse of the Inmate Grievance Procedure shall be determined by the Unit Administrator.  An inmate may be deemed to be abusing the grievance procedure if any of the following conditions are met:

    A.    An inmate files more than seven (7) grievances in any 60 day calendar period;

    B.    An inmate files repetitive grievances addressing the same issue when sufficient time for response has not elapsed or when a valid response has been provided;

    C.    An inmate files harassing grievances; and

    D.    An inmate files an emergency grievances for a non emergency after having been warned of such a practice.

A determination of abuse shall be made in writing and shall stipulate the restriction(s) imposed and its duration. Restrictions may include:

    1.    total denial of access to the grievance procedure except for an emergency grievance or a grievance relating to the inmate's property as specified in Administrative Directive 6.10, Inmate Property;

    2.    a limitation on the number of grievances that may be filed; and

    3.    a restriction as to the subject matter that may be grieved.

A determination of abuse may be appealed to the next highest level of review.

20.    <u>Records</u>.

    A.    <u>Description</u>.

        1.    <u>Grievance File</u>.  A grievance file shall be maintained at each level for each grievance.  The grievance file shall

        include a copy of the grievance, each response, and any supporting documents submitted in support of the grievance, presented during investigation, or relied upon in the decision.

    2. __Grievance Log__. The Grievance Log, CN 9604, shall be maintained at each level and shall include the name and number of the grievant, the dates of initial receipt and of the response at that level, a brief description of the problem and the disposition.

  B. __General Requirements__.

    1. Each unit shall use the grievance log format and the Inmate Grievance Form.
    2. The grievance file and the grievance log shall be systematically maintained by the Grievance Coordinator.
    3. Each grievance log shall be retained as the official record and for data collection purposes.
    4. A monthly report shall be provided to the Unit Administrator to include:

        a. the number of level 1, 2 and 3 grievances filed for the previous month;
        b. the level 1 grievances categorized by issue as enumerated in Section 6, above; and
        c. the kind and number of dispositions for the previous month.

  C. __Retention__. The Grievance logs and each completed grievance shall be maintained at the unit for a minimum of five (5) years following final disposition of the grievance.

  D. __Restriction__. No copy of a grievance or adverse reference to any grievance shall be placed in an inmate's master file.

  E. __Confidentiality__. The confidentiality of the contents of the grievance file, the grievance log, and any record of an inmate's participation in any grievance proceeding shall be maintained in accordance with the existing state statutes and regulations. All files shall be maintained in a locked cabinet not accessible to any person other than the Grievance Coordinator or Level 1 reviewer. Grievance Coordinators involved in the disposition of a grievance shall have access to records and information essential to the resolution of the grievance. This section shall not be cause for immunity from disciplinary action based on statements made in a grievance.

21. __Reprisal Against Staff__. No staff member who participates in the resolution of a grievance shall be affected negatively for participation in the solution of a grievance.

22. __Reprisal Against Inmates__. In accordance with Administrative Directive 2.17, Employee Conduct, no inmate shall suffer negative consequences such as denial or limitation of access to any privilege, service or program offered by the unit either formally or informally for good faith use or participation in the Inmate Grievance Procedure.

23. **Monitoring and Evaluation.** The Unit Administrator shall conduct an evaluation of the Inmate Grievance Procedure in May of each year. Inmates and employees shall be afforded an advisory role in the evaluation, which shall include a review of both the effectiveness and credibility of the Inmate Grievance Procedure and recommendations for revision. An annual report for each fiscal year shall be presented to the Commissioner by September 1 of each year. The report shall include the findings and recommendations of the evaluation process, statistical data regarding the number and type of grievances, types of dispositions and level of disposition, sample responses from each level, remedies granted, and evidence of compliance with time limits at each level of decision.

24. **Exceptions.** Any exception to the procedures in this Administrative Directive shall require prior written approval from the Commissioner.