. Get a Document - by Citation - 2002 U.S. Dist. LEXIS 3108  Page 1 of 5

Case 3:02-cv-01010-AWT   Document 15-4   Filed 12/04/2003   Page 1 of 5

Service: **Get by LEXSEE®**
Citation: **2002 U.S. Dist. Lexis 3108**

*2002 U.S. Dist. LEXIS 3108, **

JOSE POLANCO, Plaintiff, -against- THE CITY OF NEW YORK DEPARTMENT OF CORRECTIONS (RIKERS ISLAND), ST. BARNABAS HOSPITAL AND BELLEVUE HOSPITAL, Defendants.

01 Civ. 759 (AGS)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2002 U.S. Dist. LEXIS 3108

February 25, 2002, Decided
February 26, 2002, Filed

**DISPOSITION:** [*1] Defendants' motions to dismiss the Amended Complaint granted.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff inmate filed suit alleging violation of his rights under 42 U.S.C.S. § 1983 and U.S. Const. amend. VIII. Defendants, city department of corrections and two hospitals, moved to dismiss.

**OVERVIEW:** Defendants argued that the inmate failed to exhaust his administrative remedies before bringing suit. The inmate was required to exhaust whatever administrative remedies were available to him. He conceded that the city maintained a grievance program for prisoners. The inmate also acknowledged that he did not file a grievance with the city's grievance program for prisoners. He contended, however, that said grievance program was not available within the meaning of the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321, because he was in the custody of state department of corrections rather than the city. The problem with this contention, however, was that it directly contradicted the allegations of the amended complaint, and the inmate was bound by the allegations of his amended complaint. Accordingly, the inmate's contention was rejected. The inmate had administrative remedies available to him but failed to exhaust them. Although the inmate remained incarcerated he could no longer invoke the applicable administrative remedies because he was transferred to the custody of a different government, therefore dismissal with prejudice was appropriate.

**OUTCOME:** Defendants' motions to dismiss were granted.

**CORE TERMS:** leg, medical staff, administrative remedies, transferred, prisoner, grievance, prison, custody, surgery, scheduled, deliberate indifference, motions to dismiss, pain, motion to dismiss, correctional facility, liberally construed, failed to exhaust, experiencing, infection, underwent, confined, invoke, scan, jail

### LexisNexis (TM) HEADNOTES - Core Concepts - ✦ Hide Concepts

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss
Civil Procedure > Joinder of Claims & Parties > Self-Representing Parties
**HN1** A court may not dismiss a complaint pursuant to Fed. R. Civ. P. 12 unless, even when the complaint is liberally construed, it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. On a motion to dismiss, a court must accept as true all of the facts alleged in the complaint. A court also

must draw all reasonable inferences in the light most favorable to the plaintiff. Further, the complaint of a pro se litigant is to be liberally construed in his favor. In deciding the motion, a court is merely ruling that the pleadings have or have not stated allegations which, under the law, are sufficient to survive a motion to dismiss. The court's decision is not to be interpreted as a finding as to the truth or legitimacy of any allegations in the pleadings. More Like This Headnote

Constitutional Law > Civil Rights Enforcement > Prisoners > Prison Litigation Reform Act
**HN2** The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321, imposes an exhaustion requirement upon prisoners who wish to file claims under 42 U.S.C.S. § 1983. More Like This Headnote

Constitutional Law > Civil Rights Enforcement > Prisoners > Prison Litigation Reform Act
**HN3** See 42 U.S.C.S. § 1997e(a).

Criminal Law & Procedure > Postconviction Proceedings > Imprisonment & Prisoner Rights
**HN4** A prisoner's claims of inadequate medical treatment generally relate to prison conditions. More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings
Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss
**HN5** A plaintiff may not amend his pleading through papers offered in opposition to a motion to dismiss. More Like This Headnote

Criminal Law & Procedure > Postconviction Proceedings > Imprisonment & Prisoner Rights
**HN6** A dismissal for failure to exhaust administrative remedies is usually without prejudice. However, where a prisoner remains incarcerated but can no longer invoke the applicable administrative remedies because he has been transferred to the custody of a different government, dismissal with prejudice is appropriate. More Like This Headnote

**COUNSEL:** JOSE POLANCO, plaintiff, Pro se, Naponoch, NY.

**JUDGES:** ALLEN G. SCHWARTZ, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** ALLEN G. SCHWARTZ

**OPINION: MEMORANDUM ORDER**

ALLEN G. SCHWARTZ, UNITED STATES DISTRICT JUDGE:

Plaintiff Jose Polanco filed this action alleging violation of his rights under 42 U.S.C. § 1983 and the Eighth Amendment to the Constitution of the United States. All three defendants now move to dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b). For the reasons set forth below, the Court grants defendants' motions to dismiss.

I. BACKGROUND

Plaintiff has alleged the following facts, which the Court accepts as true for purposes of this motion. See *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Beginning in at least March 1999, plaintiff was in the custody of defendant City of New York Department of Corrections (the "City"). In March 1999, while being held in the George Motchan Detention Center, plaintiff first noticed swelling and discoloration of his left leg.

Get a Document - by Citation - 2002 U.S. Dist. LEXIS 3108 Page 3 of 5

Case 3:02-cv-01010-AWT    Document 15-4    Filed 12/04/2003    Page 3 of 5

Plaintiff complained to the facility medical department for months, **[*2]** but received only Tylenol and Motrin. (Amended Complaint § 5, P 1.) In May 1999, plaintiff was scheduled to have an MRI and was told he would later be scheduled for surgery. (*Id.* § 5, P 2.) In June 1999, plaintiff was examined by the medical staff at the George R. Vierno Center. The medical staff strongly recommended that plaintiff undergo a biopsy. (*Id.* § 5, P 3.) In July 1999, plaintiff was seen by the General Surgery staff at Kings County Hospital. Plaintiff was then scheduled to visit defendant Bellevue Hospital. Plaintiff continued to complain about his leg and was examined again in September 1999. During the September 1999 examination, plaintiff was told that he was scheduled to be admitted to Bellevue Hospital for surgery in October 1999. (*Id.* § 5, P 4.) Plaintiff underwent surgery at Bellevue Hospital in October or November 1999. (*See id.* § 5, P 5.) In November 1999, plaintiff underwent a bone scan; the scan indicated that plaintiff suffered from cellulitis and that his leg was severely abnormal. (*Id.*) In December 1999, plaintiff was transferred to the Adolescent Reception Detention Center ("ARDC") to await transfer to the New York State Department **[*3]** of Correctional Services (the "NYSDOCS"). While at the ARDC, plaintiff informed the medical staff of his leg operation and was told by the medical staff that his leg was all right. (*Id.* § 5, P 6.) Plaintiff complained to the ARDC medical staff that he was experiencing leg pain and stated that he had recently undergone an operation on his leg. The doctor to whom he complained did not examine plaintiff, but gave plaintiff Tylenol and told him there was nothing wrong with him. (*Id.* § 9 ("Third Cause of Action").) Plaintiff was transferred at some point to the custody of the NYSDOCS. He complained of pain in his leg to the NYSDOCS medical staff and again received Tylenol and Motrin. Upon arrival at NYSDOCS' Eastern New York Correctional Facility, plaintiff complained to the medical staff that he lacked full function in his leg, specifically that his leg was stiff and that he could not unbend it. Plaintiff was told that he had an infection in his leg as a result of the operation conducted in October or November 1999, and that further surgery would be required on plaintiff's leg. (*Id.* § 5, P 7.)

II. MOTION TO DISMISS STANDARD

HN1 A court may not dismiss a complaint pursuant **[*4]** to Fed. R. Civ. P. 12 unless, even when the complaint is liberally construed, it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Jaghory*, 131 F.3d at 329. On a motion to dismiss, a court must accept as true all of the facts alleged in the complaint. *Id.* A court also must draw all reasonable inferences in the light most favorable to the plaintiff. *Id.* Further, "the complaint of a *pro se* litigant is to be liberally construed in his favor." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995). In deciding this motion, "the Court is merely ruling that the pleadings have or have not stated allegations which, under the law, are sufficient to survive a motion to dismiss. The Court's decision is not to be interpreted as a finding as to the truth or legitimacy of any allegations in the pleadings." *Scholastic, Inc. v. Stouffer*, 124 F. Supp. 2d 836, 841 (S.D.N.Y. 2000).

III. DISCUSSION

Defendants raise a variety of arguments in support of their motions to dismiss the Amended Complaint. The Court need not address the majority of these arguments to resolve the instant motions. **[*5]** Among defendants' arguments is that plaintiff failed to exhaust his administrative remedies before bringing suit. HN2 The Prison Litigation Reform Act of 1995 (the "PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), imposed an exhaustion requirement upon prisoners who wish to file claims under 42 U.S.C. § 1983. HN3 As codified, the PLRA provides, in relevant part, that, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is undisputed that, at all relevant times, plaintiff was a prisoner confined in a jail, prison, or other correctional facility. Plaintiff's Amended Complaint asserts claims under 42 U.S.C. § 1983 for alleged medical malpractice,

negligent medical care, and deliberate indifference to medical needs. Because plaintiff has not alleged that he was singled out for such treatment, this action is one brought with respect to prison conditions. See Neal v. Goord, 267 F.3d 116, 119-21 (2d Cir. 2001) [*6] (HN4⚓claims of inadequate medical treatment generally relate to prison conditions). Accordingly, plaintiff was required to exhaust whatever administrative remedies were available to him.

Plaintiff concedes that the City maintains a grievance program for prisoners. (Affirmation in Further Opposition to Defendant's Motion to Dismiss ("Pl.'s Affirm.") P 7.) Plaintiff also acknowledges that he did not file a grievance with the City's grievance program for prisoners. (Amended Complaint § 3; Pl.'s Affirm. PP 6-9.) He contends, however, that said grievance program was not available within the meaning of the PLRA because he was in the custody of NYSDOCS rather than the City. Specifically, plaintiff asserts that:

> Immediately after Mr. Polanco had his surgery while a detainee [of the City], he was transferred to the [NYSDOCS]. It was not until Mr. Polanco arrived in the NYSDOCS system that his leg began to aggravate [sic] him. See *Plaintiff's Amended Complaint at par. 7*. Subsequently, NYSDOCS medical staff determined that he would need another operation on his leg due to an infection, which plaintiff submits, was brought on by the negligence and deliberate indifference of defendants. **[*7]** Id.

(Pl.'s Affirm. P 8 (underlining and italics in the original).) Plaintiff claims that, consequently, "he did not find out about [the City's] negligence and deliberate indifference to his medical condition until he was transferred to" NYSDOCS, and so could not file a grievance with the City. (Id. P 9.) The problem with this contention, however, is that it directly contradicts the allegations of the Amended Complaint. The Amended Complaint alleges that, "while being held at the Adolescent Reception Detention Center, Plaintiff complained and informed the medical department that he was experiencing pain in his leg . . . ." (Amended Complaint § 9 ("Third Cause of Action").) The Amended Complaint further alleges that the ARDC medical staff responded to his complaints by giving him Tylenol and telling him he was fine, without conducting any examination. (Id.) It is well established that HN5⚓a plaintiff may not amend his pleading through papers offered in opposition to a motion to dismiss. See, e.g., Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998); United Magazine Co. v. Murdoch Magazines Distrib. Inc., 2001 U.S. Dist. LEXIS 20878, No. 00 Civ. 3367 (AGS), 2001 WL 1607039, at *9 (S.D.N.Y. Dec. 17, 2001);, [*8] Green v. Bauvi, 792 F. Supp. 928, 936 n.11, n.13 (S.D.N.Y. 1992). Plaintiff is bound by the allegations of his Amended Complaint. Accordingly, plaintiff's contention that he did not have any basis to file a grievance until he was transferred to the custody of NYSDOCS must be rejected. Because plaintiff had administrative remedies available to him but failed to exhaust them (in fact, failed to invoke them at all), this action must be dismissed under the PLRA. 42 U.S.C. § 1997e(a); see also, e.g., Neal, 267 F.3d at 121-23; Burns v. Moore, 2002 U.S. Dist. LEXIS 1036, No. 99 Civ. 966 (LMM)(THK), 2002 WL 91607 (S.D.N.Y. Jan. 24, 2002); Harris v. N.Y.C. Dep't of Corr., 2001 U.S. Dist. LEXIS 11166, No. 00 Civ. 7164 (NRB), 2001 WL 845448 (S.D.N.Y. July 25, 2001).

HN6⚓A dismissal for failure to exhaust administrative remedies is usually without prejudice. Morales v. Mackalm, 278 F.3d 126, 131 (2d Cir. 2002). However, where a prisoner remains incarcerated but can no longer invoke the applicable administrative remedies because he has been transferred to the custody of a different government, dismissal with prejudice **[*9]** is appropriate. Burns, 2002 U.S. Dist. LEXIS 1036, 2002 WL 91607, at *7. Accordingly, this action is dismissed with prejudice.

IV. CONCLUSION

For the reasons set forth above, defendants' motions to dismiss the Amended Complaint are granted. The Clerk of the Court is directed to close the file in this action.

SO ORDERED.

ALLEN G. SCHWARTZ, U.S.D.J.

Dated: New York, New York

February 25, 2002

Service: **Get by LEXSEE®**
Citation: **2002 U.S. Dist. Lexis 3108**
View: Full
Date/Time: Wednesday, November 26, 2003 - 11:42 AM EST

* Signal Legend:
- ● - Warning: Negative treatment is indicated
- ⚠ - Caution: Possible negative treatment
- ◆ - Positive treatment is indicated
- Ⓐ - Citing Refs. With Analysis Available
- ⓘ - Citation information available

* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2003 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.