Source: Legal > Cases - U.S. > **Federal Cases, Combined Courts** (i)
Terms: **plra and exhaust /p "too late" or untimely** (Edit Search)

✓ Select for FOCUS™ or Delivery

*2002 U.S. Dist. LEXIS 22482, \**

TRENT PATTERSON, Plaintiff, -v.-GLENN S. GOORD, et al., Defendants.

02 Civ. 759 (JSM)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2002 U.S. Dist. LEXIS 22482

November 18, 2002, Decided
November 21, 2002, Filed

**DISPOSITION:** [\*1] Action was dismissed with prejudice.

### CASE SUMMARY

**PROCEDURAL POSTURE:** In a prior lawsuit, plaintiff inmate sought damages for injuries he suffered when attacked by a fellow prisoner. The inmate voluntarily dismissed that lawsuit so he could attempt to **exhaust** his administrative remedies. His subsequent prison grievances were rejected as **untimely.** The inmate then filed the instant lawsuit.

**OVERVIEW:** The inmate alleged that he had failed timely to file a grievance because prison guards threatened to retaliate against him if he filed a grievance. That, however, did not excuse the inmate's failure to **exhaust** administrative remedies. Even if the court had equitable power to toll the time in which the inmate was required to file his grievance, there was no basis here to exercise such power. Accepting as true the inmate's claim that prison guards threatened to retaliate against him, there was no excuse for his failure to file a grievance within a reasonable time from his transfer from that institution. In addition, the inmate's delay of almost six months in filing the grievance after his original action was dismissed was also unreasonable. Finally, since the inmate's grievance had been rejected as **untimely,** dismissal with prejudice was appropriate.

**OUTCOME:** The court dismissed the petition with prejudice for failure to **exhaust** administrative remedies.

**CORE TERMS:** grievance, prison, exhaust, failure to file, retaliate, guards, administrative remedies, untimely

**LexisNexis(TM) HEADNOTES - Core Concepts -** ◆ Hide Concepts

📄 Constitutional Law > Civil Rights Enforcement > Prisoners > Prison Litigation Reform Act
*HN1* See 42 U.S.C.S. § 1997e(a).

📄 Constitutional Law > Civil Rights Enforcement > Prisoners > Prison Litigation Reform Act
*HN2* The exhaustion requirement of the Prison Litigation Reform Act of 1995 applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.

Failure to **exhaust** prior to bringing suit will result in dismissal, regardless of a plaintiff's later efforts to **exhaust**. Thus, even if a plaintiff files a valid grievance, he must still **exhaust** all appeals before filing suit.

**COUNSEL:** For Plaintiff: David J. Eskin, Esq., Law Offices of Monica S. Eskin, Bronx, New York.

For Defendants: Bruce A. Brown, Esq., Assistant Attorney General, New York, NY.

**JUDGES:** JOHN S. MARTIN, JR., U.S.D.J.

**OPINIONBY:** JOHN S. MARTIN, JR.

**OPINION: OPINION AND ORDER**

JOHN S. MARTIN, Jr., District Judge:

This is the second action filed by the Plaintiff who seeks damages for injuries he suffered when attacked by a fellow inmate at the Greenhaven Correctional Facility. The prior action was dismissed voluntarily in October, 2000, so that Plaintiff could attempt to **exhaust** his administrative remedies. Approximately six months thereafter, Plaintiff submitted grievances relating to the two incidents in which he was injured, both of which occurred in 1999. The prison officials rejected the grievances as **untimely.**

*HN1* The Prison Litigation Reform Act ("**PLRA**") provides that "no action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) **[*2]** . As Judge Buchwald explained in Byas v. New York, 2002 U.S. Dist. LEXIS 13072, No. 99 Civ. 1673, 2002 WL 1586963, at *2 (S.D.N.Y. Jul. 17, 2002):

> *HN2* 'The **PLRA's** exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong' .... Failure to exhaust prior to bringing suit will result in dismissal, regardless of a plaintiff's later efforts to exhaust. Id. at 117-118. Thus, even if a plaintiff files a valid grievance, he must still exhaust all appeals before filing suit.

Plaintiff's failure to file a grievance is not excused by the alleged threats by guards at Greenhaven to retaliate against him if he filed a grievance. See Saunders v. Goord, 2002 U.S. Dist. LEXIS 13772, No. 98 Civ. 8501, 2002 WL 1751341, at *3 (S.D.N.Y. Jul. 29, 2002). Even if the Court had equitable power to toll the time in which Plaintiff was required to file his grievance, there is no basis here to exercise such power. Accepting as true Plaintiff's claim that guards at Greenhaven threatened to retaliate against him, there is no excuse for his failure to file a grievance within a reasonable **[*3]** time from his transfer from that institution. Cf. Burns v. Moore, 2002 U.S. Dist. LEXIS 1036, No. 99 Civ. 0966, 2002 WL 91607, at *6 (S.D.N.Y. Jan. 24, 2002). In addition, Plaintiff's delay of almost six months in filing the grievance after his original action was dismissed was also unreasonable.

Since Plaintiff has now attempted to file a grievance and the appropriate prison officials have found that there are no mitigating circumstances that would permit him to file an untimely grievance, it is appropriate to dismiss this action with prejudice. See Polanco v. N.Y. Dep't. of Corrs., 2002 U.S. Dist. LEXIS 3108, No. 01 Civ. 759, 2002 WL 272401, at *3 (Feb. 26, 2002

S.D.N.Y.); Byas v. State of New York, 2002 U.S. Dist. LEXIS 13072

**SO ORDERED.**

Dated: New York, New York

November 18, 2002

JOHN S. MARTIN, JR., U.S.D.J.

Source: Legal > Cases - U.S. > **Federal Cases, Combined Courts**
Terms: **pira and exhaust /p "too late" or untimely** (Edit Search)
View: Full
Date/Time: Friday, April 4, 2003 - 3:08 PM EST

About LexisNexis | Terms and Conditions

Copyright © 2003 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.