United States District Court
District of Connecticut

Darnell X. Tatem          : Prisoner
    Plaintiff             : Civil No. 3:02CV1010 (AWT) (DFM)
        v.                :
DR. Young                 :
    Defendant             : December 17th, 2003

## Plaintiff's Memorandum In Opposition To Defendant's Motion To Dismiss

The plaintiff, Darnell X. Tatem respectfully moves to denie the dismissing of this matter as to plaintiff's failure to exhaust my administrative remedies.

1. The plaintiff did send in a request to the defendant, then a level one (1) grievance. The plaintiff received no responce to the request or level one (1) grievance.

2. The plaintiff reviewed D.O.C., Administrative Directive 9.6, pg. 3 of 8 sec, B - "Non-Grievable", sub. sec. 6. (see Att.). Plaintiff then filed civil complaint in U.S. Court.

3. No. 2. in this memorandum was in FACT confirmed by D.O.C. medical staff director in disposition to plaintiff's grievance dated June 19th, 02. (see Att.).

WHEREFORE: The plaintiff's rights to be heard in the U.S. Court are still active and able to be continued.

Plaintiff.
Darnell X. Tatem
Darnell X. Tatem
1153 East St. South
Suffield, CT 06080
M.W.C.I.

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this      day of December, 2003 To:

Mrs. Ann E. Lynch
Assistante Attorney General
110 Sherman Street
Hartford, CT 06105

*Darnell X. Tatem*
Prisoner #13073
Darnell X. Tatem

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE | OF |
|---|---|---|---|
| 9.6 | August 16, 1999 | 3 | 8 |

TITLE

Inmate Grievances

3. Individual employee and inmate actions including any denial of access of inmates to the Inmate Grievance Procedure other than as provided herein.
4. Formal or informal reprisal for use of or participation in the Inmate Grievance Procedure.
5. Any other matter relating to access to privileges, programs and services, conditions of care or supervision and living unit conditions within the authority of the Department of Correction, to include rights under the Americans with Disabilities Act, except as noted herein.
6. Property loss or damage.

B. <u>Non-Grievable</u>. The following matters are not grievable:

1. State and federal laws and regulations.
2. State and federal court decisions.
3. Actions pursuant to the Code of Penal Discipline, which are appealable through the disciplinary procedure provided in Administrative Directive 9.5., Code of Penal Discipline.
4. Classification decisions, which are appealable through the classification procedure provided in Administrative Directive 9.2, Inmate Classification.
5. The individual designation of an inmate as a Security Risk Group Member or a Security Risk Group Safety Threat Member in accordance with Administrative Directive 6.14, Security Risk Groups.
6. Health Services diagnosis or treatment.
7. Matters beyond the control of the Department, including parole decisions.

7. <u>Disposition and Remedy</u>. Grievances shall either be rejected, denied, upheld or disposed by mutual agreement. Grievances that are upheld shall be given an appropriate and meaningful remedy. Such remedies may include, but not be limited to:

A. Corrective action to rectify the matter being grieved.
B. Changes in written policy and procedures or in interpretation or application of written policies and procedures.
C. Enforcement of existing policy and procedure.
D. Development of policies and procedures pertaining to the grievance.

8. <u>Administrative Provisions</u>. Each Unit Administrator shall establish unit directives consistent with the Inmate Grievance Procedure and the type of unit, which shall include at a minimum:

A. The designation of a staff person, to be known as the Grievance Coordinator, whose scope of authority and responsibility shall be defined by the Unit Administrator.
B. Notification procedures to inmates of the name of the Grievance Coordinator.
C. Provision for adequate numbers of collection boxes at various unit locations for the deposit of grievances. Units shall provide locked boxes for depositing grievances.

**Inmate Grievance Form A, Level 1**
Connecticut Department of Correction

CN 9601A
7-1-98

| Inmate name | Darnell X. Tatem | Inmate no. #13023 |
| Facility | M.C.I. | Housing unit J7-15 | Date 4-23-02 |

☐ Line grievance  ☐ Line emergency  ☒ Health grievance  ☐ Health emergency

1. **Informal resolution.** Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

attached

RECEIVED JUN 12 2002 HSA

2. **Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.)

On April 18th 2002 Medical staff person Arron Dolen refused me needed medical attention and treatment for an extremely painful condition to my eye despite the request of one C/O and repeated calls from (2) Lt's. As a direct result I was forced to get medical treatment from another prisoner. Dolen has an extensive history...

3. **Action requested.** Describe what action you want taken to remedy the grievance.

I want Dolen suspended or terminated, suspended without pay 40 days and to compensate me for my pain and suffering $15 thousand

Inmate signature: Darnell X. Tatem    cc: file

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

**FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW**

| IGP. | M137-02-075 | T no. |
| Date received 6/12/02 | Disposition Rejected | Date of disposition 6/19/0 |

Grievance issue: Medical treatment / Staff conduct

Reasons: Medical treatment is not grievable. Furthermore, you cannot determine Staff discipline

Level-1 reviewer: Richard [signature] HSA  6-21-0