UNITED STATES DISTRICT COURT     FILED
DISTRICT OF CONNECTICUT

2004 AUG -5 P 1: 28

DARNELL X. TATEM

  v.      CASE NO. 3:02CV1010(AWT)(DFM)

DR. YOUNG


## RULING AND ORDER

The plaintiff commenced this civil rights action pro se and in forma pauperis. He alleges inter alia that the defendants have refused to provide him with fluoride treatments for his teeth. Pending is the defendant's motion to dismiss this action. For the reasons that follow, the defendant's motion to dismiss is being granted.

### I.  Standard of Review

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. See id. The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims. See Branham v. Meachum, 77 F.3d 626, 628 (2d Cir. 1996). In its review of a motion to dismiss, the court may consider "only the facts alleged in the

pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken . . . ." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993). In reviewing this motion, the court is mindful that the Second Circuit ordinarily requires the district courts to give substantial leeway to pro se litigants. See Hernandez, 18 F.3d at 136.

## II.  Factual Allegations

Keeping this standard in mind, the court accepts as true the following allegations taken from the amended complaint.

On April 4, 2001, the plaintiff was transferred to Walker Reception and Special Management Unit. On May 18, 2001, the plaintiff requested that Dr. Young clean his teeth and treat his teeth with fluoride. Dr. Young refused to perform either treatment. Dr. Young ignored the plaintiff's June 3, 2001 request to clean his teeth and treat his teeth with fluoride. On June 5, 2001, Dr. Young again refused to clean plaintiff's teeth or treat them with fluoride.

On August 1, 2001, the plaintiff was transferred to MacDougall Correctional Institution and the dentist there diagnosed him with two cavities due to decay. The plaintiff claims that his teeth became decayed as a result Dr. Young's failure to clean and treat the teeth. The plaintiff seeks monetary damages from the defendant in his official and individual capacities.

### III. Discussion

The defendant moves to dismiss the amended complaint on the ground that the plaintiff has not exhausted his administrative remedies. The plaintiff claims that he has exhausted all of his available remedies prior to filing this lawsuit.

#### A. Eleventh Amendment

As a preliminary matter, the court notes that the plaintiff seeks monetary damages from the defendant in his official capacity. A suit for recovery of money may not be maintained against the state itself, or against any agency or department of the state, unless the state has waived its sovereign immunity under the Eleventh Amendment. See Florida Dep't of State v. Treasure Salvors, Inc., 458 U.S. 670, 684 (1982). Section 1983 does not override a state's Eleventh Amendment immunity. See Quern v. Jordan, 440 U.S. 332, 337-45 (1979). The Eleventh Amendment immunity which protects the state from suits for monetary relief also protects state officials sued for damages in their official capacity. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). A suit against a defendant in his official capacity is ultimately a suit against the state if any recovery would be expended from the public treasury. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 n.11 (1984).

Here, the plaintiff has sued the defendant in his individual and official capacities for compensatory damages. Any monetary recovery by the plaintiff against the defendant in his official

3

capacity, however, would constitute a recovery against the state and as such the claim is barred by the Eleventh Amendment. Thus the claims against the defendant for money damages in his official capacity are being dismissed.

B. Exhaustion of Administrative Remedies

The defendant contends that the plaintiff has failed to allege complete and timely exhaustion of his available administrative remedies regarding his claim of denial of dental treatment. The plaintiff claims that he has exhausted his available administrative remedies.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has held that this provision requires an inmate to exhaust administrative remedies before filing any type of action in federal court, see Porter v. Nussle, 534 U.S. 516, 532 (2002), regardless of whether the inmate may obtain the specific relief he desires through the administrative process, see Booth v. Churner, 532 U.S. 731, 741 (2001). This requirement of complete exhaustion of administrative remedies must be satisfied before a federal action is commenced. See Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001) (holding that an inmate may not avoid the requirements of

42 U.S.C. § 1997e(a) by exhausting administrative remedies after filing a civil rights action in federal court).

The court takes judicial notice of the administrative remedies for the Connecticut Department of Correction which are set forth in Administrative Directive 9.6, entitled Inmate Grievances.[1]  Section 6(A) provides that the following matters are grievable:

> 1. The interpretation and application of policies, rules and procedures of the unit, division and Department.
> 2. The existence or substance of policies, rules and procedure of the unit, division and Department....
> 3. Individual employee and inmate actions including any denial of access of inmates to the Inmate Grievance Procedure other than as provided herein.
> 4. Formal or informal reprisal for use of or participation in the Inmate Grievance Procedure.
> 5. Any other matter relating to access to privileges, programs and services, conditions of care or supervision and living unit conditions within the authority of the Department of Correction, to include rights under the Americans with Disabilities Act, except as noted herein.
> 6. Property loss or damage.

Prior to filing a grievance, the inmate is required to attempt to resolve the problem through informal resolution either by contacting a staff member in person or in writing using an

---

[1] Because the allegations in the complaint concern a time period from April 2001 to August 2001, the court considers the State of Connecticut Department of Correction Administrative Directives in effect during that time.

Inmate Request Form.  See id. at 9.6 (9).  Subsection fourteen states that "[a]ll health care related grievances shall be placed in a box designated for health services grievances and shall be processed by the designated Health Services Grievance Coordinator."  Id. at 9.6(14).  Level 1 review of the health care grievance is performed by the ranking facility Health Services Administrator/Supervisor.  See id. at 9.6(15).  An inmate may appeal a Level 1 decision regarding a health care grievance to the Complex Health Services Administrator.  See id. at 9.6(16).  Level 3 review by the Commissioner of Correction is "restricted to . . . appeals for which a timely response to a Level 2 grievance is not received."  Id. at 9.6(17).

Here, the plaintiff asserts that Dr. Young denied his requests to clean his teeth and apply fluoride to his teeth.  A claim of complete denial of treatment is covered by the grievance process.  See Administrative Directive 9.6 § 6(A)(5).  The plaintiff attaches a Level 1 grievance and a Level 2 appeal of that grievance to his amended complaint.  He claims that he did not receive a response to either the grievance or his appeal of the grievance.  He does not allege that he filed a Level 3 appeal of his grievance.  Administrative Directive 9.6(17) provides that a Level 3 appeal may be made to the Commissioner of Correction when a timely response to a Level 2 appeal is not received by the inmate.  See id.

The plaintiff attempts to argue that the denial of another

6

grievance that he filed concerning a completely different medical problem as not grievable demonstrates that his claim of denial of dental treatment was not grievable. The fact that a Department of Correction official denied another grievance concerning a medical condition involving the plaintiff's eye as not grievable does not show whether the plaintiff's grievance concerning the complete denial of dental treatment by Dr. Young was grievable.[2]

As stated above, the Administrative Directive does not preclude exhaustion of a claim of complete denial of medical treatment. Department of Correction officials did not deny the plaintiff's grievance regarding the denial of dental treatment by Dr. Young as not grievable. Instead, the plaintiff claims that the Department of Correction did not respond to his grievance or his Level 2 appeal of that grievance. Under Administrative Directive 9.6, the plaintiff's remedy was to appeal the lack of response to his grievance and Level 2 appeal to the Commissioner of Correction at Level 3 of the grievance procedures. The plaintiff does not allege that he filed a Level 3 appeal. Accordingly, the defendants' motion to dismiss is being granted on the ground that the plaintiff failed to exhaust his available administrative remedies.

---

[2] The grievance concerning the plaintiff's eye was also denied because the plaintiff sought to have the medical nurse disciplined as a result of the improper treatment.

IV. Conclusion

The defendants' Motion to Dismiss [doc. #15] is hereby **GRANTED**. The claims against the defendant in his official capacity are hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). The motion is being granted as to the claims against the defendant in his individual capacity without prejudice to the plaintiff's renewing any viable claims following exhaustion of administrative remedies.

The Clerk is directed to close this case.

It is so ordered.

Dated this 5th of August 2004, at Hartford, Connecticut.

                                    _____
                                    Alvin W. Thompson
                                    United States District Judge